UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMPA SAYADETH,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG APKER, Administrator,<br><br>    Respondent. | No. 1:16-cv-01460-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1)**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On September 30, 2016, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because the petition challenges conditions of confinement and an Immigration and Customs Enforcement ("ICE") detainer, the action cannot proceed as a habeas petition, and the Court will recommend it be **DISMISSED** for lack of jurisdiction.

**I.      DISCUSSION**

    A.      Conditions of Confinement

Petitioner is incarcerated at the Taft Correctional Institution ("TCI") in Taft, California. He is serving a sentence for conviction of conspiracy to distribute marijuana, and his projected release date is May 25, 2017. (Doc. 1, Attach.).

Petitioner brings this habeas petition, alleging that prison officials are discriminating

1

against him on the basis of race because an ICE detainer has been lodged with TCI indicating he is subject to deportation. He claims that, as a result of the detainer lodged against him, he is being denied participation in pre-release and earlier release programs. (Doc. 1, pp. 3-5). From the foregoing, it is apparent that Petitioner does not challenge the fact or duration of his confinement, but rather, the conditions of his confinement. Indeed, on the front page of the form petition, Petitioner acknowledges this by checking the box indicating that his petition concerns "jail or prison conditions." (Id., p. 1).

Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Muhammed v. Close, 540 U.S. 749, 750 (2004) (per curiam); Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This Court has repeatedly followed this position. E.g., Lugo v. Gill, 2012 WL 5499864 at *2 (E.D. Cal. Nov. 13, 2012) (failure of prison staff to return papers to prisoner should be brought as Bivens action); Torrez v. Mims, 2012 WL 4674439 at *3 (E.D. Cal. Oct. 3, 2012) (conditions of confinement claims must be brought under Bivens, not habeas corpus); Dyson v. Ross, 2010 WL 3516358 *3 (E.D. Cal. Sept. 2, 2010) (claim challenging placement in special management housing unit dismissed for lack of habeas jurisdiction); Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009) (petitioner's confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009) (petitioner's claim that he should be transferred to another facility should be raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at *1 (E.D. Cal. Feb. 9, 2007) (petitioner's claim that prison had refused to transfer him to another facility should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007) (petitioner is not entitled to habeas relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to petitioner's requests for transfer to another facility and access to law library because

they concern conditions of his confinement).

Such district court decisions are consistent with case law from the Ninth Circuit and other circuit courts of appeals. See, e.g., Nettles v. Grounds, __ F.3d __, 2016 WL 4072465 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011) ("Because success on [the petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within 'the core of habeas corpus,' [citation] and he must instead bring his claim under § 1983); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Blum v. Floyd, 1997 WL 599370 at *1 (9th Cir. 1997) (petitioner's claim of retaliatory transfer by prison officials is properly brought under Bivens rather than § 2241); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v. Ashcroft, 268 F.3d 953 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or Bivens."). Accordingly, Petitioner's challenge to TCI's decision to disallow Petitioner from participating in pre-release programs on the basis of race is not cognizable in habeas corpus under § 2241, and this action should be dismissed.

B.    ICE Detainer

Petitioner also raises a challenge to the ICE detainer itself. He claims he was racially profiled when ICE lodged a detainer, and he claims the ICE detainer is invalid since he cannot be deported.

First, Petitioner has not met the custody requirement to challenge the ICE detainer. Federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in custody" requirement is jurisdictional. Wilson v.

1  Belleque, 554 F.3d 816, 821 (9th Cir.2009) ("The text of the statute makes clear, and the Supreme
2  Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under §
3  2241(c)(3).") (citing Hensley v. Mun. Court, 411 U.S. 345, 351 (1973)).
4        The Supreme Court has interpreted the above statutory language to mean "in custody"
5  pursuant to the conviction or sentence under attack at the time the petition is filed, Maleng, 490
6  U.S. at 490–91, and the only exception is where a petitioner can show adverse legal collateral
7  consequences that give rise to an injury-in-fact sufficient to satisfy the case-or-controversy
8  requirement of Article III, § 2. Spencer v. Kemna, 523 U.S. 1, 7 (1998).
9        An immigration detainer is merely a request to a law enforcement agency or prison to
10 notify the United States Department of Homeland Security ("DHS") before it releases an alien
11 upon completion of his criminal sentence so that DHS may take custody of the alien for removal
12 proceedings. 8 C.F.R. § 287.7; see also Galaviz–Medina v. Wooten, 27 F.3d 487, 493 (10th Cir.
13 1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is
14 going to be making a decision about the deportability of the alien in the future."). Accordingly,
15 as the Ninth Circuit has explained, "'the bare detainer letter alone does not sufficiently place an
16 alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th
17 Cir.1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir.1994)); see also United States v.
18 Female Juvenile, A.F.S., 377 F.3d 27, 35 (1st Cir. 2004) ("[A]n INS detainer is not, standing
19 alone, an order of custody. Rather, it serves as a request that another law enforcement agency
20 notify the [Immigration and Naturalization Service] before releasing an alien from detention so
21 that the INS may arrange to assume custody over the alien."). In short, the detainer is only a
22 notification that a removal decision will be made at some later date. Campos, 62 F.3d at 313-14.
23 Because Petitioner is not in DHS custody and is not challenging the conviction for which he is
24 currently incarcerated, the Court lacks jurisdiction to hear Petitioner's habeas claims.
25       Consequently, contrary to Petitioner's assertions, an ICE detainer does not place a
26 petitioner "in custody" for purposes of obtaining habeas corpus relief. Garcia, 40 F.3d at 303
27 ("[T]he bare detainer letter alone does not sufficiently place an alien in [Immigration and
28 Naturalization Service] custody to make habeas corpus available."), *superseded by statute on*

1  *other grounds as stated in* Campos, 62 F.3d at 314.  Petitioner is "in custody" pursuant to his
2  criminal conviction, not pursuant to the immigration detainer.  Hence, no federal habeas
3  jurisdiction exists.

4        In addition, Petitioner's challenge to the ICE detainer itself is not cognizable in a habeas
5  corpus action; indeed, it is expressly precluded by federal law.  Title 8 U.S.C. § 1252 allows only
6  very limited judicial review of ICE orders and decisions. See 8 U.S.C. § 1252 (stating which
7  orders are reviewable and listing requirements to seek judicial review); Reno v. American–Arab
8  Anti–Discrimination Comm., 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no
9  judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or
10 execute removal orders").

11       Accordingly, the Court is without jurisdiction to entertain Petitioner's claims, because
12 Petitioner is challenging the conditions of confinement, he is not in custody to challenge the ICE
13 detainer, and federal law precludes him from challenging the ICE detainer in this habeas action.
14 The petition should be dismissed for lack of jurisdiction.

15 **II.    RECLASSIFICATION**

16       Although Petitioner's claims are not cognizable in habeas, under certain circumstances,
17 the Court may convert a habeas petition into a civil rights complaint under 42 U.S.C. § 1983 or
18 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
19 However, "'a habeas action and a prisoner civil rights suit differ in a variety of respects - such as
20 the proper defendant, filing fees, the means of collecting them, and restrictions on future filings -
21 that may make recharacterization impossible or, if possible, disadvantageous to the prisoner
22 compared to a dismissal without prejudice of his petition for habeas corpus.'"  Nettles, 2016 WL
23 4072465, at *10 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)).  The Ninth
24 Circuit instructed that the petition may be recharacterized "[i]f the complaint is amenable to
25 conversion on its face, meaning that it names the correct defendants and seeks the correct relief,"
26 and "so long as it warns the pro se litigant of the consequences of the conversion and provides an
27 opportunity for the litigant to withdraw or amend his or her complaint."  Id. at 10 (quoting Glaus
28 v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

In this case, the Court does not find the habeas petition amenable to conversion. First, Petitioner fails to name the proper defendants to the action. Second, if he is unable to state a non-frivolous claim, this action will be dismissed and he will suffer a "strike" as that term is defined under the Prison Litigation Reform Act. If the petitioner suffers three such strikes, in most circumstances, he will not be permitted to proceed in forma pauperis in future actions. Third, before he may proceed in a civil action, he must exhaust the grievance procedures that exist at TCI. In his petition, Petitioner admits that he has not availed himself of any administrative remedies, stating such action would be futile. Therefore, his action would immediately be subject to dismissal for failure to exhaust these remedies. Fourth, a civil action in this case cannot result either in the shortening of his sentence or his release from prison. Fifth, the potential defendants in this action are employees of MTC (the private operator of TCI) and therefore private actors. They do not act under color of law such as to give rise to liability under 42 U.S.C. § 1983 or <u>Bivens</u>. The petitioner would have to establish federal jurisdiction through either diversity of citizenship or federal question, and in this case, there appears to be no basis for either. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994). Accordingly, the Court finds the instant petition is not amenable to recharacterization, and the case should be dismissed.

**III.    ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**IV.    RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendations, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that

1 | failure to file objections within the specified time may waive the right to appeal the Order of the
2 | District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **October 7, 2016**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE